RUDOLPH ECKERT *vs.* HYMAN LEVINSON.

First Judicial District, Hartford, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The defendant negligently left the highway and drove his horse attached to a Concord wagon at high speed into and over a race-course, elliptical in shape, in the opposite direction to that normally taken by those using the course, and in the face of the plaintiff and four others who were engaged in a race which took up the full width of the track; as a result the defendant's horse and wagon collided with the plaintiff's horse and sulky, causing damage to the latter's person and property. The defendant knew of the uses and purposes of the speedway, and was warned to drive off the course, and had ample opportunity to do so. *Held* that the trial court was correct in its conclusion that upon these facts the defendant was guilty of gross negligence; and that the law of the road did not apply to the race track.

The complaint alleged that the defendant carelessly drove against the road cart of the plaintiff. *Held* that proof of the foregoing facts was admissible under this general allegation of negligence, and that there was no variance; and that had the defendant desired a more precise description of the negligence charged he should have made a motion to that effect.

An allegation that the plaintiff "was prevented from transacting his

ordinary business" merely characterizes the kind and extent of his injury, but does not lay the basis for a claim of special damages, nor justify the admission of evidence as to the *per diem* value of the plaintiff's services.

When such evidence has been admitted, this court must assume that it affected the estimate of damages, unless the finding clearly shows the contrary.

Argued January 2d—decided January 25th, 1917.

ACTION to recover damages for injuries to the person and property of the plaintiff caused by the alleged negligence of the defendant, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff for $450, and appeal by the defendant. *Error and new trial ordered.*

*Andrew J. Broughel,* for the appellant (defendant).

*Francis J. Conti,* for the appellee (plaintiff).

WHEELER, J. The essential facts are few. The speedway in Riverside Park, Hartford, was neither a highway nor one of the park boulevards, but a racing-course set apart by the park commissioners to be used solely for the purpose of exercising and speeding horses by permit from the park commissioners. The speedway was elliptical in shape; the direction of the racing-course was to the south on the west side and to the north on the east side. The plaintiff and defendant were members of a driving club and had a general license from the park board to use the speedway for these purposes. The defendant had knowledge of the purposes and use of the speedway.

On August 24th, 1914, the plaintiff and four others were engaged in a race, driving abreast and filling the course on the west side of the speedway and driving south. At this time the defendant negligently left the

highway and drove in upon the speedway at the southern end, and then drove his horse attached to a fourwheeled Concord wagon at high speed in a northerly direction on the west side of the speedway and contrary to the normal direction of said race-course. While so driving he was cautioned and directed to drive off the speedway, and he had ample time and opportunity to have done so. The plaintiff and defendant could see each other when one hundred and fifty feet from the point of collision, and the defendant could have driven off the speedway at any time before the collision. Owing to the speed at which he was going and his position among the contestants—the second position from the pole—the plaintiff could not turn to right or left, or check his horse sufficiently to avoid the collision. The defendant's horse and wagon collided with plaintiff's horse and sulky, causing damage to plaintiff's property and person.

The trial court concluded that the defendant was guilty of gross negligence, that the plaintiff was not guilty of contributory negligence, and that the rules of the road did not apply to this speedway.

A variance between the negligence complained of and that found is one of the errors assigned. The complaint recites that the defendant carelessly drove against the road-cart of the plaintiff, while the finding is that the defendant negligently drove in upon the speedway in an opposite direction from the prescribed course, with which he was familiar, when he was cautioned against driving on the course and could have seen the five contestants in the race approaching him and filling the entire course, and had ample time, after this caution and this view, to have driven off the course to a place of safety. All of the evidence of these facts was admissible under the general allegation of negligence of the complaint, and it is of a kind with it. There was no va-

riance. Had the defendant desired a more particular description of the negligence charged, he should have sought it through a motion for a more specific statement.

The trial court was right in ruling that the law of the road did not apply to this speedway. It was a race-course whose use was subject to the prescribed rules of the course. It was not a highway, as the finding discloses, and the law of the road had no applicability to it.

The trial court was also correct in its conclusion that the subordinate facts made out a case of gross negligence. The defendant went where, so long as this race was in progress, he had no right to be. He knew the danger of collision, for he was warned against it, and he could see it. He knew, or ought to have known, the direction in which to drive, yet he adopted the contrary direction. He had abundant opportunity to avoid the collision when the plaintiff could not, but he drove on at high speed. It would be difficult to conceive of a plainer case of gross negligence. We have assumed, as counsel do, that the acts of negligence alleged were the proximate cause of this collision, although the finding omits this connecting and vital fact.

The remaining assignment of error relates to a ruling on evidence. Evidence was admitted over defendant's objection and exception, that the plaintiff had been prevented from pursuing his usual vocation for over six months and that his services were worth $3 a day. The only allegation of the complaint was that the plaintiff "was prevented from transacting his ordinary business," etc. An allegation of this general character merely characterizes the kind and extent of the injury; it does not describe a specific loss of service. It does not give the defendant notice of such a claim, nor permit

proof of special damages for such loss of services. The rule is too well established to make its repetition necessary. The reasons for this rule have nowhere been better stated than by LOOMIS, J., in the leading cases of *Taylor* v. *Monroe*, 43 Conn. 36, 46, and *Tomlinson* v. *Derby*, 43 Conn. 562, 567. See, also, *Smith* v. *Whittlesey*, 79 Conn. 189, 191, 63 Atl. 1085; *Cordner* v. *Hall*, 84 Conn. 117, 120, 79 Atl. 55.

While the finding does not show specifically that the court included in its estimate of damages a sum for loss of services, we cannot assume that it does not, but must assume that it may include all elements of damage of which proof was offered. The judgment may include the item of loss of services; to that extent it is erroneous. How much this item is we have no means of knowing.

There is error, the judgment is set aside and new trial ordered.

In this opinion the other judges concurred.