MARY KEARNS *vs.* IDA WIDMAN.

Third Judicial District, Bridgeport, October Term, 1919.
WHEELER, BEACH, GAGER, CASE and CURTIS, Js.

A complaint alleging that the defendant drove her automobile at a reckless rate of speed, without signal or warning or any attempt to stop or slacken speed, at the intersection of two streets where a trolley-car had stopped to discharge passengers, and thus ran against and over the plaintiff while alighting from the car,—sets forth, specifically and in detail, a case of gross and culpable negligence, upon proof of which exemplary damages may properly be awarded.

After verdict and judgment for the plaintiff, it is too late for a defendant to attack the complaint on the ground that its allegations of negligence are general and not specific: such a claim should be made before issue is joined. Nor can the judgment itself be questioned, if specific acts of negligence are proved.

The evidence in the present case reviewed and *held* to support the allegations of the complaint.

It is for the jury to determine the facts where the evidence is conflicting and leaves room for a reasonable difference of opinion among fair-minded men.

An appellant is restricted in this court to such alleged errors as are assigned in his reasons of appeal.

Argued November 4th—decided December 22d, 1919.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $20,000, and appeal by the defendant. *No error.*

*Arthur B. O'Keefe,* with whom, on the brief, was *David E. Fitzgerald,* for the appellant (defendant).

*Jacob P. Goodhart,* for the appellee (plaintiff).

WHEELER, J. The principal ground of appeal which is pressed upon the brief of the defendant is, that the question of exemplary damages should not have been submitted to the jury, because neither the allegations of the complaint nor the evidence before the jury warranted its submission.

The complaint alleges that the injuries sued for were caused by the operation, by the defendant, of an automobile at so high and reckless a speed that she was unable to apply the brakes and stop the automobile after she saw the plaintiff alight from the car, in time to prevent the automobile from running over her; and further, that the defendant failed to sound a horn or give any other warning of her approach, failed to keep a proper lookout for persons lawfully on the highway, and failed to stop the car in violation of the statute after she saw the plaintiff in a position of danger at the intersection of Elm Street and Broadway, two streets in New Haven. As a result of these acts of negligence, the automobile ran over the plaintiff while she, in the

exercise of due care, was alighting from this trolley-car, and the defendant thereby "acted and proceeded with culpable indifference and flagrant and gross reckless-ness, carelessness and negligence."

The operation of an automobile at so reckless a rate of speed that although its driver saw the plaintiff in a posi-tion of danger and although the driver was approach-ing a trolley-car which had stopped at the intersection of two streets, the driver gave no warning, and failed to slacken the speed of the automobile or to stop it or even to try to stop it, but actually increased the speed and ran down the plaintiff, certainly portrays a case of gross and culpable negligence, sufficient, upon proof, to found a claim for exemplary damage.

The defendant assumes that the summarization and characterization of the defendant's acts of gross negli-gence are the only allegations of negligence; in this, as we have shown in the recital of the specific acts of neg-ligence, the defendant is mistaken. The specific acts or circumstances of negligence should be pleaded, and are, in this complaint. 17 Corpus Juris, p. 1006.

But if she were correct, these generalizations of gross negligence in the complaint would, after judgment, suffice to support it. An attack upon the complaint for such a reason must be made before issue is joined on the pleadings. If the general allegation of negligence is followed by proof of specific acts of negligent conduct, it is too late after verdict and judgment to question the judgment. *Eckert* v. *Levinson,* 91 Conn. 338, 341, 99 Atl. 699.

Our examination of the evidence leads us to the con-clusion that the preponderance of the evidence supports those allegations of the complaint which make out a case for exemplary damages.

The plaintiff is right in her position that the most the defendant can possibly claim is that the evidence was

conflicting, and as to the issues of fact surrounding the claim for exemplary damages there was "room for a reasonable difference of opinion among fair-minded men, and hence these issues must be determined by the jury and not the court."

The defendant's further assignment of error, that the verdict should be set aside because an atmosphere of prejudice and partiality enveloped the trial and prevented the defendant obtaining a fair trial, is not before us, since it is not among the grounds of appeal; and, we may add, if it were before us we must have held that the occurrences of the trial would not in our judgment have sustained it.

There is no error.

In this opinion the other judges concurred.