JOSEPH MALON *vs.* THE ADLEY EXPRESS COMPANY, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 3d—decided June 12th, 1934.

*Richardson Bronson,* with whom, on the brief, were *Lawrence L. Lewis* and *J. Warren Upson,* for the appellants (defendants).

*Francis McDonald,* with whom was *Pasquale DeCicco,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover damages for personal injuries suffered when the truck which he was driving came into collision with a truck owned by one of the defendants and driven by the other in the course of his employment. The accident occurred about dawn on a December

morning. The two trucks approached each other from opposite directions upon a straight highway thirty-six feet wide. The jury might reasonably have found these facts: The plaintiff was traveling about fifteen miles an hour when he saw the defendants' truck some three hundred feet away. When that truck was fifty or one hundred feet away the defendant driver applied his foot brakes. The brake on the left front wheel "grabbed," causing the truck to swing sharply to the left. Meanwhile the plaintiff had turned his truck to the right until it was partly against and partly over the curb of the street. When the collision occurred the defendants' truck was still going between thirty and thirty-five miles an hour. The defendant driver had started at New Haven for New York and had proceeded some forty miles at the time of the collision. In going this distance he had occasionally put on the foot brake and noticed its tendency to grab. He was driving a five-ton truck and had a load of four and one-half to five tons on it. The jury might reasonably have concluded, other considerations aside, that it was negligent for the defendant driver to operate so heavy a truck at the speed at which he was proceeding, knowing that the brakes were not in proper working order. There was no error in the conclusion of the trial court in refusing to set aside the verdict on the ground that no negligence on the part of the defendant driver had been proven.

The plaintiff within a few weeks after the accident returned to work and up to the time of trial had been employed most of the time at wages as high as or higher than he had received before it occurred. The special damages for necessary expenses proved did not exceed $200. If these were the salient facts in the case, the defendants' contention that a verdict of $5000 was excessive would have much plausibility.

But the jury might also reasonably have found that the plaintiff suffered a concussion of the brain which left such after effects as a muscular weakness upon one side of his body and at times headaches, dizziness, tremors, a blurring of vision and double vision, a tendency to nausea, nervousness and irritability, all of which impaired his working capacity and comfort of living, and that these conditions still continued down to the time of the trial, some fourteen months after the accident, although they had somewhat improved. A physician called by the plaintiff expressed the opinion that in view of the persistence of these conditions for so long a time the plaintiff would not improve much more and that there was a permanent injury. If the jury accepted this testimony, as they reasonably might have done, the trial court certainly was justified in refusing to set the verdict aside as excessive.

The defendants claimed in argument that if the jury found that the accident was due to the defective operation of the brakes, the doctrine of injury without fault would apply, and now complain of a failure of the trial court to charge as requested in this respect. It does not appear of record that the defendants made any request, even oral, for such a charge. Nor is there merit in the defendants' contention that, even though not requested, the trial court should have charged upon this doctrine. It is difficult to see how such a charge would be applicable to a situation where the defendant driver knowing that there was trouble with his brakes, continued to drive the car, without taking any steps to have the necessary repairs made. That aside, the charge of the trial court definitely placed upon the plaintiff the burden of proving that the defendant driver was negligent, and in the absence of a request the failure of the trial court to charge as to

unavoidable accident could not be found to be error. The defendants complain also of a portion of the charge in which the trial court instructed the jury as to the duty of the driver of an automobile upon the highway to provide safe mechanism and equipment, and if he knows of a defective condition not to proceed until it has been remedied. This charge was apt to the situation disclosed by the evidence and finds sufficient support, in the absence of any effort of the defendants to secure a more specific allegation, in the statement in the complaint that the defendants' car was not properly equipped. *Eckert* v. *Levinson,* 91 Conn. 338, 340, 99 Atl. 699; *Kearns* v. *Widman,* 94 Conn. 257, 259, 108 Atl. 661.

There is no error.

In this opinion the other judges concurred.