JOHN LEWANDOSKI *v.* MORRIS FINKEL.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued November 4—decided December 28, 1942.

*Max H. Schwartz,* with whom, on the brief, was *Alexander Winnick,* for the appellant (plaintiff).

*William L. Hadden,* with whom were *Walter T. Faulkner* and, on the brief, *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellee (defendant).

DICKENSON, J. This action arose out of injuries received by the plaintiff while working for a general contractor in the erection of a building. The plaintiff claimed that the injuries were caused by negligence of the defendant in the operation of a crane, while working in conjunction with the plaintiff. The assignments of error relate to the charge of the trial court and in the brief are pursued on two grounds: (1) failure of the court to properly instruct the jury on the issue of contributory negligence; (2) failure to charge in regard to certain conduct of the defendant which was not specifically referred to in the complaint but which the plaintiff contends was embraced in a general allegation of negligence.

The plaintiff's claims of proof, so far as they are necessary for a consideration of the points raised, are as follows: The plaintiff, an ironworker on a building being erected by his employer, was standing on an I beam twelve or fifteen feet from the ground. Above him were three bare copper wires carrying forty-eight volts of electricity. The defendant was also engaged on the same job, using a crane, the boom of which he

would swing under and up between the wires. These were located in a dangerous position in relation to the operation of the crane, as both parties knew, and a few days before the plaintiff had called the defendant's attention to them and asked him to be careful. Had anyone requested the power company maintaining the wires to do so, they would have been moved so that the crane would have been less likely to come in contact with them. The plaintiff and defendant were working together and had agreed on a set of signals for the operation of the crane. As the plaintiff stood on the beam, the boom extended between and above the wires and the plaintiff had grasped a hook hanging from the end of it. He signalled the defendant to lower the boom. As it was being lowered, it swung sideways and came in contact with one of the wires. The plaintiff received an electric shock and fell off the beam to the ground, suffering the injuries for which he claimed to recover.

The defendant claimed to have proved that the plaintiff had been drinking intoxicating liquor shortly before the accident; that the beam on which he stood was covered with slush and was slippery; that no part of the crane came in contact with the live wires; that the boom was stationery; that there were no objective signs indicating that the plaintiff had received an electric shock; and that the plaintiff's fall was caused by his attempt to reach out and grasp the hook which he had released from the sling holding the rafter.

As to the first point claimed by the plaintiff, the insufficiency of the charge on contributory negligence, we start with the premise that the charge is to be considered as a whole. *State* v. *Murphy*, 124 Conn. 554, 566, 1 Atl. (2d) 274. While in one paragraph of the charge the trial court stated that the plaintiff could not recover "if he was guilty of negligence himself

which contributed to his own injuries," on three subsequent occasions it added the adverb "materially" to "contributed." The plaintiff contends that the court should have used the expression "substantial factor," the use of which we approved in *Carlin* v. *Haas*, 124 Conn. 259, 265, 199 Atl. 430. In *Smirnoff* v. *McNerney*, 112 Conn. 421, 424, 425, 152 Atl. 399, we called attention to the synonymy of such expressions as "materially" and "substantially" and said that, while a casual reading of these various expressions might suggest that they were intended to convey different conceptions of the principle sought to be stated, "This of course is not so." In *Lupatin* v. *Shine*, 117 Conn. 698, 699, 169 Atl. 916, and in *Petrillo* v. *Kolbay*, 116 Conn. 389, 394, 165 Atl. 346, we expressly approved of the phrase "materially contributed." As to the plaintiff's contention that the evidence in the case called for a more extended charge on the subject of contributory negligence, the answer is that if the plaintiff desired a charge beyond the customary one he should have requested it. *Piascik* v. *Railway Express Agency, Inc.*, 119 Conn. 277, 279, 175 Atl. 919.

The second point the plaintiff makes is that the trial court should have charged that it was the duty of the defendant to have the live wires removed before operating his crane and that the court not only failed to so charge but instructed the jury that the presence of the wires was to be treated as a condition with the other circumstances present to be considered in determining whether the parties used reasonable care. The complaint goes into particulars in describing the negligent conduct of the defendant. It charges him with negligence in that he failed to obey the signal given him by the plaintiff; in that he failed to operate his crane in a reasonable manner; in that he failed to maintain a reasonable lookout; in that he failed to

take reasonable precautions to avoid striking the wires; in that he placed his crane too close to the wires; and in that he failed to so lower his boom as to avoid the wires. It concludes with an allegation that the defendant was otherwise negligent under the circumstances. There is no allegation that the defendant was negligent in not having the wires removed, but the plaintiff contends this was included in the general allegation of negligence. In its memorandum of decision the trial court described this as a "catch-all" allegation. A better description would seem to be a "catch-as-catch-can" allegation, for it gives no warning to the defendant of such a claim as the plaintiff now makes and the specific allegations preceding it are calculated to lead the defendant to assume that the wires were in fact to be treated as an existing condition or circumstance. Indeed the statement "otherwise careless and negligent under the circumstances" might well refer to the circumstances stated in the specific allegations.

The plaintiff relies on our decisions in *Mezzi* v. *Taylor*, 99 Conn. 1, 120 Atl. 871; *Kearns* v. *Widman*, 94 Conn. 257, 108 Atl. 661; *Eckert* v. *Levinson*, 91 Conn. 338, 99 Atl. 699. In these and other cases we have sustained verdicts or judgments based upon negligent conduct comprehended within general allegations of negligence although not specifically stated. The case before us presents a different question, that is, was the trial court bound to charge the jury upon a ground of negligence not stated in or suggested by the allegations of the complaint because of the general allegation of negligence following those specifically made? In *Volpe* v. *Gunder*, 129 Conn. 14, 17, 26 Atl. (2d) 13, we said that "a pleading should allege the facts upon which the plaintiff proposes to rely in such a way as fairly to apprise the court and the opposing

party as to the basis upon which he claims relief" and held that where there were specific allegations of fraudulent representations the court was not bound to regard other claims of fraud which would be within a subsequent general allegation. In *Kinderavich* v. *Palmer*, 127 Conn. 85, 100, 15 Atl. (2d) 83, we held that if a complaint did not expressly allege the last clear chance as a basis of recovery it must at least state facts which would fairly apprise the trial court and the defendant that the doctrine would be invoked and which would afford a basis of recovery on that ground; we held that because the complaint in that case did not do this the trial court was not in error in refusing to submit that issue to the jury; and we overruled *Mezzi* v. *Taylor*, supra, in so far as it held to the contrary. One purpose of requiring specific allegations of negligence in a complaint is to enable the trial court, if the case is tried to a jury, to determine what issues it should submit to them, and unless by the allegations, or at least by a request for a charge, it is reasonably informed of a claim of negligence upon which a plaintiff relies it is justified in not submitting that claim to the jury. Conn. App. Proc., § 57(a). In its memorandum of decision upon a motion to set the verdict aside for claimed errors in the charge, the trial court stated that the claim now presented to us had not been suggested at any time until the argument of the motion. The failure of the trial court to charge the jury as to it does not constitute error.

There is no error.

In this opinion the other judges concurred.