THADDEUS HUDYKA vs. INTERSTATE TIRE &
BRAKE STORES, INC.

Hampden.  May 6, 1971. — June 30, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, QUIRICO, & BRAUCHER, JJ.

*Practice, Civil,* Motion for directed verdict. *Conflict of Laws.*
*Workmen's Compensation Act,* Common employment, Action
against third person.

A motion for a directed verdict for the defendant in a Massachusetts
action in which a legal doctrine of another State was applied did
not raise the issue whether under the law of that State such
doctrine was inapplicable because it was not invoked in the
plaintiff's declaration. [103–104]

In an action by a maintenance employee of a grading subcontractor
insured under the Workmen's Compensation Act, G. L. c. 152,
against a corporation which had undertaken to replace a flat tire
on the subcontractor's "payloader" at the site of a construction
project pursuant to a contract between the defendant and the
subcontractor, for injuries sustained when the plaintiff was struck
by a "come-along" being used by the defendant with the plaintiff's
help while putting a new tire of the subcontractor on the
"payloader," the evidence warranted a finding that the defend-
ant's repair work was "merely ancillary and incidental to" the
subcontractor's business and was not "part of or process in" it
within § 18 of the act, and the plaintiff was not barred by the
doctrine of common employment from maintaining the action.
[104–105]

TORT.  Writ in the Superior Court dated February 7,
1966.

The action was tried before *O'Malley, J.*

*Edward J. Farrell (Earl H. Wright* with him) for the
defendant.

*Herbert Murphy* for the plaintiff.

BRAUCHER, J.  This action of tort for negligence causing
personal injuries is before us on the defendant's exceptions
after a jury verdict for the plaintiff.  Roy M. Wright, Inc.

(Wright), the plaintiff's employer, was a subcontractor hired to perform grading and other work in the construction of housing for the elderly in Enfield, Connecticut. Among Wright's equipment was a "payloader" which had a flat tire on March 13, 1965. The tire was approximately five and one-half feet in height and weighed approximately 786 pounds empty. Under a contract with Wright the defendant sent two employees to the construction site to replace the flat tire with another tire owned by Wright. Wright instructed the plaintiff, a maintenance man, to assist in changing the tire. The three men used a "come-along" to tighten a chain wrapped around the outer perimeter of the new tire, in an attempt to seal the tubeless tire against the wheel hub so that air would not escape as the tire was being inflated. Under the tension a hook on one end of the "come-along" unbent, and the "come-along" struck and injured the plaintiff.

The plaintiff received workmen's compensation payments from Wright's insurer. He had not reserved his common law rights under G. L. c. 152, § 24. Wright's insurer did not bring action against the defendant within the time allowed by G. L. c. 152, § 15, and the plaintiff then brought this action. The defendant excepted to the denial of its motions for a directed verdict and for a new trial, to the admission and exclusion of certain evidence, and to parts of the judge's instructions to the jury.

1. *Last clear chance.* The jury were instructed to apply the doctrine of "last clear chance" under Connecticut law. *Doolan* v. *Werner*, 130 Conn. 394. See *Trudel* v. *Gagne*, 328 Mass. 464, 465–466; Restatement 2d: Conflict of Laws, § 164, comment e. The defendant contends that the doctrine was inapplicable under Connecticut law because it was not invoked in the declaration, citing *Kinderavich* v. *Palmer*, 127 Conn. 85, and *Lewandoski* v. *Finkel*, 129 Conn. 526. The motion for a directed verdict does not present such an issue. See *Pilos* v. *First Natl. Stores Inc.* 319 Mass. 475, 477. *Cheng* v. *Chin Wai Yip*, 339 Mass. 173, 175. The law of the forum regulates the remedy and its incidents. *Levy* v.

*Steiger,* 233 Mass. 600, 601. *Peterson* v. *Boston & Maine R.R.* 310 Mass. 45, 47. See Restatement 2d: Conflict of Laws, § 127. If the objection had been properly made, it could have been cured by amendment. G. L. c. 231, §§ 51, 125.

2. *Common employment.* The defendant argues that the defence of common employment bars the maintenance of this action, that a verdict should have been directed for the defendant on this ground, and that the judge erred in leaving the question to the jury. G. L. c. 152, §§ 15, 18, 24. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 568–569. *Stewart* v. *Roy Bros. Inc.* 358 Mass. 446, 453-457. See Locke, Workmen's Compensation, §§ 152-154, 661-665. The defence is not applicable if the defendant's contract "is merely ancillary and incidental to, and is no part of or process in, the trade or business carried on" by Wright. G. L. c. 152, § 18. The evidence warranted a finding that the unusual repairs made by the defendant to Wright's equipment were "merely ancillary and incidental to" Wright's business and not "part of or process in" it. *Meehan* v. *Gordon,* 307 Mass. 59, 62. *Dubois* v. *Soule Mill,* 323 Mass. 472, 474–475. *Abbott* v. *Link-Belt Co.* 324 Mass. 673, 676. "The work being done was not a minor affair, but was such as the defendant was regularly employed to do." *Abbott* v. *Link-Belt Co., supra.* This is not a case "where a branch of or a part of . . . [Wright's] business is let out to an independent contractor . . . ." *Dubois* v. *Soule Mill, supra,* at 476–477. See also *Cannon* v. *Crowley,* 318 Mass. 373, 375–376; *Tindall* v. *Denholm & McKay Co.* 347 Mass. 100, 103–104. "Also, this case does not involve the clearly distinguishable situation in which a trucker was delivering materials to a construction site, or to a place where the owner of the materials was to use them." *Stewart* v. *Roy Bros. Inc.* 358 Mass. 446, 456. "It is manifest that it cannot properly be said that everything that is reasonably necessary to be done for the purpose of carrying on a trade or business is a part of or process in the trade or business

within the meaning of § 18." *Caton* v. *Winslow Bros &
Smith Co.* 309 Mass. 150, 155.

3. We have considered the other exceptions argued by the
defendant and find no prejudicial error.

*Exceptions overruled.*