Thomas TESSIER and the United
States of America

v.

STATE FARM MUTUAL INSURANCE
COMPANY.

Civ. A. No. 71–298–C.

United States District Court,
D. Massachusetts.

Dec. 9, 1971.

Herbert Murphy, Springfield, Mass., for plaintiff. James N. Gabriel, U. S. Atty., Boston, Mass., for United States.

Bruce P. Gilmore, Jr., Avery, Dooley, Post & Avery, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This matter came before the court upon defendant's motion to dismiss the complaint by reason of (1) the failure of the plaintiff to state a cause of action, and (2) for want of a necessary and indispensable party.

The pertinent facts are alleged as follows. In February of 1969, plaintiff and one Thomas Peters were soldiers of the United States Army stationed at Fort Stewart, Georgia. At the request of Peters, plaintiff became a passenger in Peters' automobile. Peters drove his automobile to Luduwici, Georgia, for the purpose of removing his personal property from a trailer which he had recently sold. Plaintiff assisted in transferring Peters' goods from the trailer to the car. In the course of the return trip to Fort Stewart an accident occurred, as a result of which Peters died and plaintiff suffered severe personal injuries. Plaintiff brought an action in this court directly against the decedent's insurer without naming decedent's estate or any representative thereof as a party-defendant.

Jurisdiction is invoked under 28 U.S. C.A. 1331(a), 1332(c), and 1391. Plaintiff is a citizen of the Commonwealth of Massachusetts and defendant is a corporation organized under the laws of Illinois, having its principal place of business in a state other than Massachusetts. Defendant is subject to service of process in this state.

The question presented is whether or not such a direct action against the insurer without naming the insured, or without having previously obtained a judgment against the insured, is properly maintainable.

■ In a diversity action in a federal District Court it is incumbent upon the District Court to apply the substantive law of the state in which it sits, including that state's law of conflict of laws. Klaxon Company v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Sampson v. Channell, 110 F.2d 754, 760–761 (1 Cir. 1940); Juliano v. Hobart Mfg. Company, 200 F.Supp. 453, aff'd. 303 F.2d 830 (1 Cir. 1961). It is therefore necessary for this court to determine what rule of law the Massachusetts Supreme Judicial Court would apply.

In Hudyka v. Interstate Tire & Brake Stores, Inc., Mass.Adv.Sh. 1249 (1971), 271 N.E.2d 617, a personal injury action in which the alleged negligent conduct took place in Connecticut, the Supreme Judicial Court followed the Second Restatement of Conflicts to determine the applicable law. Hence, it appears that the Massachusetts state courts would apply Section 145 of the Second Restatement of Conflicts in this case. Comment (b), Section 162, of the Second Restatement of Conflicts indicates that the rule of Section 145 determines whether a direct action is maintainable against the insurer. Section 145 states:

(1) "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties. . . ."

For purposes of determining which state has the most significant relationship to the occurrence and parties, Section 145(2) considers the following to be important "contacts:"

"(a) the place where the injury occurred

(b) the place where the conduct causing the injury occurred

(c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered."

■ The facts in the instant case indicate that the accident took place in Georgia, the conduct causing the injury took place in Georgia, the residence of plaintiff and decedent, at least while they were in the Army, was Georgia, and Georgia was the center of the relation of plaintiff and decedent in that their affinity appears to have been occasioned solely by their both being stationed in Georgia. The contacts, therefore, seem to indicate that Georgia has the most significant relationship with the event in question and the parties involved. On this basis, the law of Georgia would be employed by the Massachusetts state courts to determine whether a direct action is maintainable against an insurer.

■ Title 3, section 109, of the Annotated Code of Georgia, provides as follows:

"An action for tort shall, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed, *and against the party committing the injury* either by himself, his servant, or agent in his employment." (Emphasis supplied.) Ga.Code Ann., sec. 3–109 (19—).

The italicized language indicates that decedent's estate should have been named party-defendant. Based on plaintiff's failure to comply with the above-mentioned statutory provision, I conclude that the direct action is impermissible and that defendant's motion to dismiss should be granted.

■ Even in the event that application of Georgia law is improper, then

809

the motion to dismiss should still be granted because the only other two states with "significant relationship to the occurrence and the parties" (Massachusetts and Arizona), similarly prohibit the bringing of direct action. In Massachusetts (the forum of the action and the present residence of plaintiff), the appropriate procedure would be to bring a lawsuit against the decedent's estate and after having established liability then bring a bill to reach and apply the insurer's duty to indemnify the decedent's estate. In Arizona, the state where the insurance contract "may" have been written, the contract is one for indemnity, and the insurer does not become liable until the insured's liability is established in a court of law. See Ariz. Revised Statutes, section 28–1170. A direct action against the insurer is therefore prohibited in Arizona.

It appearing that none of the only three states whose law a Massachusetts state court would apply allow a direct action against an insurer under the circumstances of this case, the motion to dismiss must be allowed.

Judgment accordingly.