Roy Cecil **BALDWIN**, Plaintiff,

v.

**WRECKING CORPORATION OF AMERICA, Defendant.**

**Civ. A. No. 77–0173–B.**

United States District Court,
W. D. Virginia,
Big Stone Gap Division.

Jan. 9, 1979.

Gary S. Bradshaw, Bradshaw, Morris & Copeland, P. C., Big Stone Gap, Va., for plaintiff.

Albert M. Orgain, IV, Sands, Anderson, Marks & Miller, Richmond, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Plaintiff Roy Cecil Baldwin seeks monetary damages for personal injuries allegedly caused by the negligence of defendant Wrecking Corporation of America, Incorporated. Plaintiff has commenced his action in this court, jurisdiction having been attained on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The case is currently before this court on defendant's motion for summary judgment under Fed. R.Civ.P. 56.

### I.

The matter is properly before the court on a motion for summary judgment, as the facts material to the issue at hand are undisputed. The plaintiff Roy Cecil Baldwin was injured on July 27, 1977, while working as an employee of the defendant Wrecking Corporation of America, Inc., a company engaged at that time in dismantling and demolishing a building in Richmond, Virginia, known as the Twelfth Street Power Station. Virginia Electric and Power Company had a contract with Electric Motor Service Company for the removal of equipment at the power station, and Electric Motor had a subcontract with defendant Wrecking Corporation for specific parts of the work.

The controversy in this case focuses on the Virginia Workmen's Compensation Act, Va.Code Ann. §§ 65.1–1 et seq. (Repl.Vol. 1973), and the insurance coverage that Electric Motor and defendant Wrecking Corporation were required to retain for their employees. The affidavit of defendant Wrecking Corporation's president sets out the facts concerning the manner in which defendant insured its employees. Before July 27, 1977, the general contractor, Electric Motor, paid the direct employees of defendant out of its own payroll account and supplied overhead items, which included workmen's compensation insurance. The charges for the payroll and the overhead items were billed to defendant Wrecking Corporation. However, several payroll checks drawn on Electric Motor's account were not honored because of insufficient funds, and defendant decided to handle the payroll directly. Thereafter, defendant began to make its own payroll, and it became necessary for defendant to purchase a Virginia endorsement on a workmen's compensation policy previously issued to defendant. Defendant's president telephoned an insurance agent of American Casualty Company to bind the Virginia coverage and sent the insurance company a letter on the binding request.

Plaintiff Baldwin was hired as a direct employee of defendant Wrecking Corporation on July 25, 1977, after defendant's president attempted to get the insurance bound over. Plaintiff was injured on the job two days later on July 27. Defendant notified American Casualty of plaintiff's claim, but the insurance company denies that defendant Wrecking Corporation ever purchased insurance coverage for Virginia. Defendant concedes in its memorandum of law that, apparently through some fault of the insurance broker, insurance was not purchased directly for defendant Wrecking Corporation.

Although defendant has failed to provide workmen's compensation coverage for plaintiff, coverage is available through the general contractor Electric Motor. The

United States Fidelity and Guaranty Company (U.S.F.&G.) had issued to Electric Motor an insurance policy covering not only Electric Motor as an employer, but also covering Wrecking Corporation as an additional insured by virtue of Wrecking Corporation's working in the same trade as and working as a subcontractor for Electric Motor. An assistant superintendent of claims for U. S. F. & G. states in an affidavit that his insurance company stands ready to make payments to plaintiff Baldwin if the claim is found to be compensable under the Virginia Workmen's Compensation Act. Plaintiff Baldwin currently has his case pending before the Industrial Commission of Virginia, which has withheld action pending the decision of this court.

## II.

Although plaintiff Baldwin in his memorandum of law admits the availability of the workmen's compensation remedy from the general contractor Electric Motor, plaintiff insists that under the Virginia Act he has the right to forego this remedy and instead bring a civil tort action for damages against defendant Wrecking Corporation. Plaintiff argues that it is undisputed that defendant has failed to acquire insurance coverage as specified by Virginia's statutes, and plaintiff Baldwin asserts that this failure gives him the right to proceed in tort against Wrecking Corporation under Va. Code Ann. § 65.1–106 (Cum.Supp. 1978), which provides:

> "If such employer refuses and neglects to comply with the provisions [requiring the insuring of compensation payments] . . . he shall be liable during continuance of such refusal or neglect to any employee . . . at law in a suit instituted by the employee against such employer to recover damages for personal injury or death by accident, and in any such suit such employer shall not be permitted to defend upon any of the following grounds:
>
> (1) That the employee was negligent;

> (2) That the injury was caused by the negligence of a fellow employee; or
>
> (3) That the employee had assumed the risk of the injury. . . ."

Va.Code Ann. § 65.1–106 (Cum.Supp. 1978).

Defendant Wrecking Corporation contends that since plaintiff Baldwin admittedly has a right to compensation under the Virginia Workmen's Compensation Act, plaintiff's *only* remedy is under the Act, which then bars plaintiff's civil tort action. Defendant further argues that Section 65.1–106, relied on by plaintiff for the right to his civil action, does not by a proper construction of its terms apply to defendant Wrecking Corporation. Defendant concedes that it is subject to Section 65.1–103, which requires that an employer under the Act shall insure the payment of compensation to its employees. Defendant further concedes that, apparently through some fault of the insurance broker, it did not purchase the required insurance. However, defendant argues that instead of Section 65.1–106 applying to defendant, Section 65.1–40 applies:

> "The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service or death."

Va.Code Ann. § 65.1–40 (Repl.Vol.1973).

To come under the protection of Section 65.1–40, defendant subcontractor Wrecking Corporation maintains that defendant is only one of plaintiff's employers and that the general contractor Electric Motor is a "statutory employer" under Section 65.1–30, a Code provision which has been construed to mean that a general contractor who engages a subcontractor shall be liable for compensation for the subcontractor's employees.[1] Hence, defendant contends

---

1. Section 65.1–30 provides:
   "When any person (. . . referred to as 'contractor') contracts to perform or execute

any work for another person which work or undertaking is not a part of the trade, business or occupation of such other person and

that the general contractor Electric Motor was an "employer" under Section 65.1–40 who had complied with the Act in purchasing insurance, the coverage benefits of which are available to plaintiff. Defendant's position is that "if *an* employer of Roy Cecil Baldwin has accepted the provisions of the Workmen's Compensation Act then Roy Cecil Baldwin's *sole remedy* is under the Act pursuant to Virginia Code Section 65.1–40." (Emphasis supplied to the word "an".)

While defendant argues at great length that Section 65.1–106 does not operate with respect to defendant to remove the Section 65.1–40 bar to plaintiff's civil suit, plaintiff Baldwin argues cogently that Section 65.1–40 does not apply with respect to defendant Wrecking Corporation. Plaintiff relies primarily on Section 65.1–9, which states that "[n]othing in this Act shall be construed to relieve *any* employer . . . from penalty for failure or neglect to perform any statutory duty." Va.Code Ann. § 65.1–9 (Repl.Vol.1973). (Emphasis added.) Plaintiff notes that Wrecking Corporation was an employer and that Wrecking Corporation failed to obtain insurance; therefore, plaintiff concludes that Wrecking Corporation is amenable to suit under Section 65.1–106.

### III.

This court is of the opinion that the Virginia Workmen's Compensation Act can be clearly interpreted to resolve the issue in the instant case. Section 65.1–103 states that "*[e]very* employer" (emphasis added) which is subject to the Act shall insure compensation payments. Defendant has conceded that it is subject to the Act. The next two provisions, Sections 65.1–104 and

65.1–105, refer to "*[e]very* employer" (emphasis added), not "*the* employer" or any other specific employer. Section 65.1–106 then provides that "such employer" failing to comply with the provisions of Section 65.1–105, which clearly states "*[e]very* employer" (emphasis added), shall be penalized.

■ This court has no difficulty in finding that the clear language of Section 65.1–106, taken in conjunction with Sections 65.1–103, 104, and 105, demands that *every* employer insure the compensation of employees; the mere fact that plaintiff had a statutory employer who has complied with the Act does not excuse a subcontractor employer from its duty to secure insurance. The court finds that this conclusion is buttressed by Section 65.1–9, which states that "[n]othing in this Act shall be construed to relieve *any* employer . . . from penalty for failure or neglect to perform any statutory duty." Va.Code Ann. § 65.1–9 (Repl.Vol.1973). (Emphasis added.) The Act plainly directs *every* employer to insure compensation payments and penalizes *any* employer who fails to do so. Such strong statutory language indicates a Virginia legislative policy decision that all employers subject to the Act must comply with the insurance requirements, and it is beyond the pale of this court's authority to question the wisdom of the Act or deviate from its unambiguous language.

■ This court is bound by Virginia judicial decisions construing the Workmen's Compensation Act, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and the broad language used by the Virginia Supreme Court further supports this court's decision. In *Virginia*

---

contracts with any other person (. . . referred to as 'subcontractor') for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if that workman had been immediately employed by him."

Va.Code Ann. § 65.1–30 (Repl.Vol.1973).

In *Slusher v. Paramount Warrior, Inc.*, 336 F. Supp. 1381 (W.D.Va.1971), the court stated that the effect of Section 65.1–30 is to render the general contractor a statutory employer of all employees engaged in the work. In making the statutory employer determination, the decisive factor is whether the work being performed by the injured workman was part of the trade, business or occupation of the general contractor.

*Used Auto Parts, Inc. v. Robertson*, 212 Va. 100, 181 S.E.2d 612 (1971), the Virginia high court wrote concerning Section 65.1–106:

"The statute, penal in nature, provides extraordinary advantages to an injured employee when his employer has failed or refused to comply with the Act. It imposes liability upon the uninsured employer either in a civil action, in which he is not permitted to assert certain important defenses, or in a proceeding under the Act. It does not explicitly require the employee to make an election of remedies. And, being part of the Act, the statute is to be liberally construed in favor of the employee. *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 796, 20 S.E.2d 530, 533 (1942)". 212 Va. at 102, 181 S.E.2d at 613.

This court holds that, since defendant Wrecking Corporation has failed to comply with the Act, the plaintiff Roy Cecil Baldwin is to be allowed the extraordinary advantage afforded by Section 65.1–106.

### IV.

Therefore, the court denies defendant Wrecking Corporation's motion for summary judgment.