[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 14, 1992 the plaintiff, Karen Wilson, filed a two count complaint against the defendants, R W Corp. d/b/a Lockery's and Robert Lockery. The plaintiff alleges that, on January 28, 1990 while the defendant Robert Lockery was employed by defendant R W Corp., he assaulted her. In count one the plaintiff alleges negligent assault and in count two wilful and malicious assault. The plaintiff seeks damages and exemplary damages. CT Page 9007
On July 23, 1992 the defendants filed a motion to strike the second count of the plaintiff's revised complaint on the ground that in count two the plaintiff has failed to state a claim upon which relief may be granted because the plaintiff did not allege sufficient facts to support a claim for wilful or malicious assault. The defendants also filed a supporting memorandum of law. The plaintiff, however, has not filed a memorandum in opposition to the defendants' motion to strike.
The motion to strike tests the legal sufficiency of a pleading. Practice Book 152. If the facts provable under the allegations of a complaint "would support . . . a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). If an adverse party objects to the motion to strike he should file an opposing memorandum of law. Practice Book 155. "Although a timely opposing memorandum is required, the failure to so file it can be waived by the trial court." Fitzpatrick v. East Hartford B.P.O. Elks, 3 Conn. L. Rptr. 163, 164 (January 25, 1991, Clark, J.)
The plaintiff in this case has not filed a memorandum in opposition to the motion to strike. Because the failure to file an opposing memorandum is not fatal, this court waives this requirement and proceeds to the substance of the motion to strike.
The only difference between counts one and two of the plaintiff's revised complaint is that in count one the plaintiff alleges that "defendant Robert Lockery negligently assaulted her" and in count two she alleges that "defendant Robert Lockery willfully or maliciously assaulted her." The defendants claim that because wilful or malicious conduct involves a conscious choice of action while negligent conduct does not, the plaintiff must plead additional facts to state a claim for wilful or malicious assault.
"Each pleading shall contain a full and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. . . ." Practice Book 108. "`[A] pleading should allege the facts upon which the plaintiff proposes to rely in such a way as fairly to apprise the court and the opposing party as to the basis upon which he claims relief. . . .'" Lewandoski v. Finkel, 129 Conn. 526, 530-31,29 A.2d 762 (1943), quoting Volpe v. Gunder, 129 Conn. 14, 17, CT Page 900826 A.2d 13 (1942). In reviewing a similar claim, the Connecticut Supreme Court stated that "[t]here is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation omitted.) Begley v. Kohl Madden Printing Ink Co., 157 Conn. 445, 450,254 A.2d 907 (1969).
The plaintiff has clearly identified her theories of recovery as negligent assault in count one of the revised complaint and wilful or malicious assault in count two. More specific facts to show the conduct required for wilful or malicious conduct is more appropriately available through discovery. Felber v. Mazzella Wire Rope and Supply Co., 1 Conn. L. Rptr. 331-32 (March 5, 1990, Spada, J.) The defendants' motion to strike count two of the plaintiff's revised complaint is denied.
In addition the defendants move to strike the plaintiff's request for exemplary damages on the ground that exemplary damages are only available for wilful or wanton assault. See Markey v. Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985). Because the motion to strike the count sounding in wilful or malicious assault has been denied, the motion to strike the plaintiff's request for exemplary damages is also denied.
HOWARD F. ZOARSKI, JUDGE