[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON OBJECTIONS TO REQUEST TO REVISE BY HARTFORD HOSPITAL
1) Section 17(a) and (b) are really little more than an allegation that the defendant was negligent. This may be sufficient to withstand a common law demurrer and thus a motion to strike but allows the defendant to file a request to revise. The request to revise serves that function of a motion for more specific statement, see Eckert v. Levinson, 91 Conn. 338, 340-342 (1917), Connecticut Civil Procedure, Stephenson, § 86 p. 348 et seq. References to the first 16 paragraphs which are incorporated into the count against Hartford Hospital won't do since paragraphs 17a and b are not related to those paragraphs in the pleadings. Therefore, as against the broad allegations of negligence in these pleadings, at trial the defendant will be deprived of any right to claim that preferred evidence is outside the scope of the complaint. Mocarski v. Palmer, 132 Conn. 349, 355 (1945). Language of complaint in paragraph 17a and b must either directly refer to or incorporate paragraphs 1 through 16 or comply with the CT Page 9214 requested Revision 2.
(3) (5) (7)
 Comes close to requiring granting the request to revision for the above-mentioned reasons. However, here the defendant has fairer warning or notice of the nature of the claim and discovery will enable it to properly prepare its defense and object at trial to evidence going beyond allegations of failure to exercise reasonable care in training or supervision or in hiring various people. At least this is specification of type of negligent activity involved.
 (8) Unclear whether injuries and damages claimed resulted from alleged negligence in granting privileges to just these two doctors or claim is made that negligence in granting privileges to other doctors might have caused injury that is claimed.
Corradino, J.