[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO STRIKE THE SECOND COUNT
CT Page 94-H
The defendants in this action brought by the plaintiffs for personal injuries and property damage they claim to have sustained as a result of a collision with the defendants' vehicle at an intersection, have moved to strike the second count of the plaintiffs' complaint and the portion of their prayer for relief in which they seek double and treble damages under § 14-295
of the General Statutes. The grounds for the motion are that the same acts and conduct of the defendants alleged to have been negligent in the first count, are repeated in the second count as being "wilfull, wanton and reckless", and that there is no allegation setting out the specific conduct which would support an award of multiple damages under the statute.
Section 14-295 of the General Statutes provides that "[i]n any civil action to recover damages from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." The plaintiffs CT Page 94-I claim that they have fully complied with the statutory requirements in paragraph 7 of the second count of their complaint which reads as follows:
 Said willful, wanton and reckless misconduct of the Defendant consisted of the Defendant operating his vehicle in such a manner and at a greatly excessive rate of speed for a great distance on a straight and level public highway, coming upon the vehicle of the Plaintiff at an excessive rate of speed, speeding through a stop sign into the path of Plaintiff's vehicle with his field of vision focused away from that of his moving vehicle endangering the lives and limbs of persons lawfully upon said highway; maintaining his said excessive rate of speed and colliding with the Plaintiffs' said vehicle, while the Plaintiffs were in the proximity of and in plain view of the Defendant while the Defendant was intoxicated causing the Plaintiffs to be placed in a position of extreme peril in front of the Defendant's vehicle, without the Defendant making any effort to retard the speed or stop his vehicle when he had ample opportunity to do so; operating recklessly as aforedescribed in violation of §§ 14-218a., 14-219(a) and (b), 14-222 (a), 14-227a and 14-301
respectively of the C.G.S., and operating recklessly as aforedescribed in violation of the common law.
Under Connecticut law, deliberate or intentional conduct CT Page 94-J means that there must be a "substantial certainty" that harm will result from the defendant's conduct, that is, something more than merely a foreseeable risk and more than even a strong probability. Kurisoo v. Providence Worcester Railroad Co.,68 F.3d 591, 596 (1995). The plaintiff's pleading in this case does not sufficiently allege that the defendant operator acted "deliberately" within the meaning of § 14-295, because a "design to injure" is an essential element of willful or intentional conduct and a complaint that states only that the defendant's conduct was voluntary and intentional and had harmful results "falls far short of alleging that the harm which actually resulted was within the contemplation of the wrongdoer." Sharkey
v. Skilton, 83 Conn. 503, 507 (1910).
The imposition of the penalty of multiple damages under §14-295 should be reserved for situations where the violation of the motor vehicle laws is either deliberate or at least under conditions which indicate that the defendant was conducting himself with reckless disregard of the rights of others. Bishop
v. Kelly, 206 Conn. 608, 613-14 (1988). In order to support a claim of reckless or wanton misconduct as distinguished from mere negligence the language used in the complaint must be explicit enough to make it clear that reckless misconduct is the theory relied upon by the plaintiff. Brock v. Waldron, 127 Conn. 79,80-81 (1940). CT Page 94-K
The plaintiffs claim that they have not merely changed the characterization of the identical facts alleged in the first count, but that they have also specified the particular facts that they rely upon as constituting reckless conduct, including the fact that the defendant operator was intoxicated at the time, that he went through a stop sign at an excessive rate of speed, that he failed to reduce his speed or to stop when he could have done so, and that he was driving so as to endanger other persons. Cf. Brown v. Branford, 12 Conn. App. 106, 110 (1987). Allegations very similar to these have been held to sufficiently state a claim for exemplary damages. Kearns v. Widman, 94 Conn. 257, 259
(1919).
"A reckless disregard for the safety of others or for the consequences of one's acts may be inferred from the combined acts of voluntary intoxication and operating a motor vehicle." Seymour
v. Carcia, 24 Conn. App. 446 at 452 (1991). This does not mean that the negligent operation of a motor vehicle by one who has been drinking alcoholic beverages "is automatically exposed to the payment of punitive damages [but the] issue that must always be resolved by the trier of fact in these situations is whether the facts as adduced, including the consumption of alcohol, permit a rational inference that the driver evinced a reckless indifference to the rights of others in his operation of the CT Page 94-L motor vehicle." Id.
For the foregoing reasons, the defendants' motion to strike the second count of the plaintiffs' complaint and the portion of their prayer for relief in which they seek multiple damages, under § 14-295 of the General Statutes is denied.
Harry Hammer Judge Trial Referee