THE NEW HAVEN TRUST COMPANY, RECEIVER, *vs.* WILLIAM H. NELSON, JR.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A complaint by the receiver of a corporation alleged that on a certain date the defendant was, and ever since continued to be, the owner upon its books of fifty-one shares of its capital stock, of the par value of $100 each; that $2,025 remained unpaid on his shares and that although the directors had called in this sum the defendant had paid but $1,150 of it, and after demand by the receiver still refused to pay the balance. *Held* that the complaint was not demurrable for its omission to allege that the defendant had ever subscribed for the stock, or had become responsible for it in any way to the corporation, or that the stock call was legally made; as these were matters of defense which it was not necessary to anticipate in the complaint.

While a corporation cannot, as against its creditors, release a stockholder from his liability to pay the full value of his shares, it nevertheless has power to compromise a *bona fide* dispute as to the amount that is due from him upon his stock, and such compromise agreement, when executed, is a valid defense not only against the corporation but its creditors as well.

Argued October 25th, 1900—decided January 3d, 1901.

ACTION to recover a balance claimed to be due on certain shares of the capital stock of a corporation in the hands of a receiver, brought to the Superior Court in New Haven County and tried to the court upon the plaintiff's demurrer to the answer; the court, *Thayer, J.*, sustained the demurrer and thereafter rendered judgment for the plaintiff, and the defendant appealed for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

The plaintiff is the receiver of the Connecticut Life Insurance Company, a Connecticut corporation.

The complaint states the following case: In January, 1894, the defendant was the owner on the books of said company (then known as the Connecticut Indemnity Association) of fifty-one shares of its capital stock, and was still the owner thereof when said receiver was appointed. The par value of

the stock was $100 per share, but of this value there remained unpaid on the 31st day of January, 1894, $2,025 on the defendant's shares. On that day the board of directors of said company made a call for the payment, on or before April 1st, 1894, of so much of the par value of the stock of the company as had not been paid, of which call the defendant had due notice. The defendant has not paid said balance due upon his stock, nor any part thereof, except the sum of $1,150 paid in May, 1894. The plaintiff duly demanded of the defendant payment of the balance due on his stock, but the defendant refused to pay the same.

The defendant demurred to the complaint upon divers grounds, which are sufficiently stated in the opinion. The court (*George W. Wheeler, J.*) overruled the demurrer and the defendant answered over.

The answer admitted the allegations of the complaint and set up three special defenses, but in the view taken of the case in the opinion, it is only necessary to state the third defense, which was as follows: " On the 23d day of May, 1894, the defendant made a payment to said association of the sum of $1,150, which was given by him and accepted by said association in full payment for all sums then due or to become due from him to, or which could by any possibility be claimed from him by, said association by reason of or in connection with said fifty-one shares of stock." To this defense the following demurrer was filed: " The plaintiff demurs to the third special defense for the reason that said association could not by agreement with the defendant legally discharge him, for anything less than payment in full, from his liability to pay the full par value of said stock." The court (*Thayer, J.*), sustained the demurrer and rendered judgment for the plaintiff.

The only errors assigned relate to the action of the court in overruling the demurrer to the complaint, and in sustaining the demurrer to the answer.

*Henry Stoddard* and *Nathaniel R. Bronson*, for the appellant (defendant).

*Henry C. White* and *Leonard M. Daggett,* for the appellee (plaintiff).

TORRANCE, J.   There are two questions presented by this appeal: (1) whether the court erred in overruling the demurrer to the complaint; and (2) whether it erred in sustaining the demurrer to the answer.

The first question must be answered in the negative.   The defendant demurred to the complaint because it failed to show that he had ever subscribed for the stock in question, or had ever made himself responsible for it in any way to the corporation, or that the call in question had been legally made, and other facts of a like nature; but we think all these things were matters of defense, which the pleader was not obliged to anticipate in the complaint.   As it stood, the complaint showed a good cause of action, and consequently the demurrer to it was properly overruled.

The second question must be answered in the affirmative, if the corporation could legally make the agreement set out in the third defense.   According to that, it appears that after the time limited for payment under the call had elapsed, the defendant and the corporation, then a going concern, were in dispute over the amount of money due from him to it upon the stock in question.   The defendant agreed to pay to it a sum of money, upon the express condition that such payment should be accepted by it in full payment and discharge of all its claims, actual or possible, against him, arising out of his purchase or ownership of said stock, and the corporation agreed to accept the money upon that condition; and thereupon the defendant paid the money and the corporation accepted it.   So far as appears all this was done in entire good faith, in the settlement of a real dispute as to the amount due from the defendant.   Both parties surrendered a part of their claims and entered into this new agreement, which was fully carried out on both sides.   Under these circumstances, if the corporation were the plaintiff in this suit, the defense in question would be a complete bar; *Potter* v. *Douglass,* 44

Conn. 541 ;. and we think it is equally so against the receiver, whether suing in the interest of creditors or not. .

It is undoubtedly the well-settled general rule that a corporation cannot, as against its creditors, release a shareholder from his liability to pay for his shares in full ; but it is equally well settled that the corporation, acting in good faith, has power to make a compromise like the one here in question, and that such compromise, when made and carried out, is good as a defense against the corporation, and its creditors also. 1 Cook on Stock & Stockh. (3d ed.) § 171 ; 2 Thomp. on Pri. Corp. § 1553, and cases there cited. The defense here in question sets up a compromise, which is good even as against creditors, and upon demurrer it is a bar to the present action.

There is error, the judgment of the court below is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.