FRANCIS M. VOLPE v. H. H. GUNDER ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued March 4—decided April 10, 1942.

*William H. Milholland,* of the New York bar, with whom were *Irving Elson* and *Daniel I. Elson,* for the appellant (plaintiff).

No appearance for the appellees (defendants).

AVERY, J. This action was brought against the Bankers Financial Trust, a voting or holding trust organized under the laws of Massachusetts, and six individual defendants acting as trustees of the trust. The essential facts found by the trial court are these: The Bankers Financial Trust owned the control of a majority of the stock of (1) Bankers Capital Corporation, a trading company engaged in the general business of buying and selling securities for customers and for its own account, with its principal place of business in the city of New York; (2) Eastern Bankers Corporation, a financial investment corporation; and (3) American Fiduciary Company, a fiduciary institution. Under date of August 1, 1929, the trustees of Bankers Financial Trust caused to be printed a pamphlet of ten pages captioned "Bankers Financial Trust and Controlled Institutions. Report for six months period ending June 29, 1929." This report was addressed to the shareholders, and incorporated a letter from one of the defendants, then chairman of the board of trustees, commenting on the progress of the company during

the first half of 1929, on its existing status and finally on its prospects for the balance of the year. The pamphlet further contained a graph portraying the relationship between Bankers Financial Trust and the other corporations. Other pages of the pamphlet carried copies of letters from the presidents of the three controlled corporations to their shareholders, accompanied in each case by statements showing the balance sheets of the respective corporations. On October 18, 1929, the plaintiff, acting through his agent, Samuel D. Polsen, who in no capacity represented Bankers Financial Trust, purchased at the office of Bankers Capital Corporation fifty-two shares of Bankers Financial Trust at a price of $39.50 per share, or a total sum of $2054. Polsen, who acted for the plaintiff in making the purchase, examined the pamphlet, and he and the plaintiff relied upon the accuracy of the statements contained in it when the shares were bought. It did not appear in the evidence whether the shares purchased by the plaintiff belonged to the Bankers Financial Trust or to some member of the public who had requested the Bankers Capital Corporation to sell for him, the transaction in this instance having been an "over the counter" sale, wherein shares are sold in the course of trade by a broker for the account of whoever may be the owner. On or about November 9, 1929, the plaintiff sent letters to the Bankers Financial Trust purporting to rescind the purchase.

The plaintiff's complaint is in two counts. The first count alleges that the purchase was induced by fraud and misrepresentation on the part of the defendants and asks damages therefor. The second count alleges that the plaintiff rescinded the contract on November 9th because it was induced by fraud and sought as damages the return of the price paid for the shares. At the trial, the court required the plaintiff to elect

upon which count of his complaint he would proceed and he elected to proceed upon the second count, which was based upon the theory that he had disaffirmed the purchase. The trial court found that most of the representations alleged had not in fact been made, and concluded among other things as to those made that they were true.

The fraudulent representations relied upon were alleged to have been made in a prospectus issued by the Bankers Financial Trust. In the second and fourth paragraphs of the complaint there are specific allegations as to representations in that prospectus claimed to have been fraudulent. In the third paragraph it is stated that the prospectus was brought to the plaintiff by an agent of the defendants who solicited him to purchase the stock in question upon the statements and representations in the prospectus supplemented by statements of the agent. In his brief the plaintiff rests his case upon certain statements in the prospectus which are not specifically alleged in any way in the complaint, claiming that they are comprehended within the broad provisions of the third paragraph. That paragraph contains no allegation that any of the statements in the prospectus were fraudulent. That aside, a pleading should allege the facts upon which the plaintiff proposes to rely in such a way as fairly to apprise the court and the opposing party as to the basis upon which he claims relief. *Arnold* v. *Kutinsky,* 80 Conn. 549, 552, 69 Atl. 350; *Huber* v. *Douglas, Inc.,* 94 Conn. 167, 183, 108 Atl. 727. Had the third paragraph stood alone it would have been subject to a motion for a more specific statement requiring the plaintiff to set out the representations upon which he relied, and that statement would have defined the issues upon which the case was to be tried. *Seymour* v. *Norwalk,* 92 Conn. 293, 296, 102 Atl. 577. The

specific allegations in the complaint had the same effect. The court did not err in construing the complaint as making the basis for the claimed relief the specific allegations of fraudulent representations rather than as one which left it for the plaintiff at the trial to prove the falsity of any statements in the prospectus which he might seek to rely upon.

The remaining claims of the plaintiff on this appeal fall under three heads. He asked for numerous corrections and additions to the finding of facts, in effect asking this court to substitute for the finding as made the draft finding proposed by him. An examination of the evidence convinces us that no correction of the finding is permissible by which the position of the plaintiff will be materially advantaged.

The plaintiff also claims that the trial court was in error in compelling him to elect at the trial upon which count of the complaint he would proceed. The complaint stated a cause of action based upon fraudulent representations. The first count was based upon the theory that the plaintiff affirmed the transaction, thereby retaining the shares purchased and seeking damages for the fraudulent representations by which the purchase was induced. The second count was based upon the theory that the plaintiff had disaffirmed the contract. At the trial, the plaintiff failed to prove any allegations which would justify relief for fraud upon either ground. It follows that even if the plaintiff had been permitted to proceed upon both grounds the judgment could have been no different from that rendered, and the ruling of the trial court requiring the plaintiff to elect upon which count of the complaint he would proceed was, therefore, of no consequence.

In the third group of the plaintiff's assignments of error are included a considerable number of rulings

excluding evidence he offered. In his brief the only rulings upon which he relies are the exclusion of questions relevant to claims of fraud which the trial court held, as we have said, properly, not within the issue raised by the pleadings. In an action for fraud, a broad scope in the offer of evidence is allowed upon the issues of knowledge, good faith or intent, and matters not within the particular representations alleged may sometimes be proven. *Hoxie* v. *Home Insurance Co.*, 32 Conn. 21, 37; *Robert* v. *Finberg*, 85 Conn. 557, 562, 84 Atl. 366. However, the evidence in question here was not offered upon that ground but for the purpose of directly proving fraudulent statements not properly within the scope of the complaint. We cannot, therefore, find reversible error in the exclusion by the court of the evidence offered.

There is no error.

In this opinion the other judges concurred.