VIOLA ZAMATHA *v.* SIMON HARAK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 3—decided April 1, 1948

*Edward J. Donahue,* with whom, on the brief, was *William F. Healey,* for the appellant (defendant).

*Charles M. Lyman,* with whom was *John B. Dillon,* for the appellee (plaintiff).

MALTBIE, C. J. This is an appeal from the denial of a motion for a new trial based upon the fact that the judge who tried the case died after judgment but before an appeal to this court could be perfected. The action was brought to recover damages for breach of a promise of marriage. There was a verdict and judgment for the plaintiff. The defendant obtained an order extending the time within which to file an appeal to this court, but the judge who presided at the trial died before that extension had expired or an appeal had been filed. Thereafter, the defendant filed the motion from the denial of which this appeal is taken. He was attempting to

proceed under § 5697 of the General Statutes, of which a copy is inserted in the footnote.[1]

In the motion, the defendant recited the facts stated above and alleged that he had desired to take an appeal and had complied with the rules relating to appellate procedure. The motion then claimed errors in the admission of evidence, to which the defendant had objected and to the rulings on which he had taken exception, in the action of the trial court in allowing counsel to present an improper argument to the jury and in failing to instruct them to disregard it, in a failure adequately to charge the jury as to damages in general, and in one particular respect pointed out with some definiteness. The allegations as to the rulings on evidence were in general language, in no way complying with the

[1] SEC. 5697. NEW TRIAL WHEN JUDGE OR STENOGRAPHER SHALL DIE OR BECOME INCAPACITATED. Whenever final judgment shall have been rendered in any cause in the superior court, any court of common pleas or any city court or in any action or proceeding by a judge thereof having jurisdiction, an appeal from which lies to the supreme court of errors, if the judge who heard such cause, action or proceeding, or the stenographer who took the testimony therein if his stenographic notes are not decipherable, shall have died or become incapable of taking the action necessary to be taken by him for the purpose of an appeal, any party to such cause, action or proceeding who is desirous of taking an appeal, and who, before the death or incapacity of the judge or stenographer, had complied with the rules relating to the taking of appeals, may make a motion in writing in such court for a new trial. Such motion may be filed either at the term in which judgment may have been rendered or at any subsequent term, and shall be filed in such court within ten days after the death or incapacity of the judge or stenographer shall have become known to the party appealing from such judgment. A statement of errors which it is claimed occurred in the trial of such case shall be made as a part of such motion. Upon the filing of such motion, the court shall hear the same, and, if in its opinion the errors claimed to have been committed are of such a nature as fairly entitle the party appealing to a review of such assignment of errors by the supreme court and a review of the errors so assigned cannot otherwise be had, a new trial shall be granted.

method in which such rulings are required to be presented on an appeal to this court. Practice Book § 359. No transcript of the evidence, in whole or in part, no statement of the arguments of counsel and no copy of the charge were attached to the motion. A demurrer to it was overruled. At the hearing the trial court denied it, without memorandum.

We have no rule which states the procedural requirements for a motion under § 5697. We have never had such a rule concerning a petition for a new trial for newly-discovered evidence under § 5701 of the General Statutes; but in a long line of decisions, beginning with *Parsons* v. *Platt,* 37 Conn. 563, a definite practice has been established. It requires that the application "must allege and set forth the evidence produced upon the former trial, together with the newly-discovered evidence, in order that the court may see whether injustice has probably been done, and whether the newly-discovered evidence is likely to reverse the result." *Gannon* v. *State,* 75 Conn. 576, 578, 54 A. 199; *Kliarsky* v. *Eastern Greyhound Lines, Inc.,* 116 Conn. 649, 651, 166 A. 65. Such a requirement has its basis in two principles inherent in our procedure: The first is that in any action the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is demurrable; *Waterbury* v. *Connecticut Ry. & Lighting Co.,* 86 Conn. 180, 188, 84 A. 723; and the second requirement is that a pleading must fairly apprise the court and the adverse party of the claims to be made. *Volpe* v. *Gunder,* 129 Conn. 14, 17, 26 A. 2d 13.

These principles, in the absence of any rule, apply to motions for relief under § 5697. Such a motion might come before a judge other than the one who

tried the case. To be adequate and proper, it must contain allegations sufficient to show that the party making it might be able to establish his right to the relief provided in the statute and fairly to inform the court and opposing counsel of his claims. If the ground for relief alleged is a ruling on evidence, the motion should state the facts claimed by him to have been proved or, if the trial was to the jury, the facts each party has offered evidence to prove and claimed to have proved, so far as necessary to give a sufficient basis for understanding the significance of the ruling, and the statement of the ruling itself should conform to that required in presenting similar claims to this court on appeal. If the claim of error is, in a jury case, as to a charge or failure to charge, the motion should in general contain allegations similar to those necessary to present like claims of error to this court. Such requirements are, indeed, implied in the provision of § 5697 that a new trial shall be ordered if the court is of the opinion that the claimed errors "are of such a nature as fairly entitle the party appealing to a review of such assignments of error by the supreme court." The trial court acting under this statute does not take the place of this court; but the question for it to decide is whether or not the claimed errors are such that the party would be entitled to have them reviewed by us; and to meet the requirements the motion should contain the allegations we have stated.

The question as to proper procedure under the statute is a novel one and we would not be disposed to require in this case more than a substantial compliance with sound practice. There was, however, a complete failure to conform to it. The evidence before the court at the trial of the case, the argument called in question and the charge are not before us,

even if they were before the Superior Court, of which the record gives no indication. We have no way of determining whether the claimed errors were so raised at the trial that they could properly have been considered by us had the defendant been able to appeal, or, indeed, whether the court at the trial did in fact err, or, if so, whether its errors were material and harmful. The record before us gives us no basis upon which we can review the decision of the trial court denying the motion and it must be affirmed.

Because we have not before had occasion to deal with procedure under § 5697, we note one claim made by the plaintiff in opposing the motion. In reliance upon the closing words of the statute which condition relief by a requirement that a review of the claimed errors by this court "cannot otherwise be had," she claims that, as this was a jury case, a judge other than the one who tried the case could, from a transcript of the evidence and charge, make the finding necessary to present the case upon appeal. A finding in a jury case is a statement of such facts as the respective parties not only offered evidence to prove but also claimed to have proved, and, while a judge who did not try the case might from the evidence determine whether evidence was offered sufficient to support the facts the appellant seeks to have found, he might not be able to determine what facts a party claimed to have proved; a transcript of the testimony often will not disclose such claims. *Fitzgerald* v. *Savin,* 119 Conn. 63, 66, 174 A. 177; *Boardman* v. *Burlingame,* 123 Conn. 646, 652, 197 A. 761. A statement of the facts a party not only offered evidence to prove but which he claimed to have proved would be necessary in order to test the correctness of a charge. *Nystrom* v. *Barker,* 88 Conn. 382, 385,

91 A. 649. Also, in this case it does not appear that the argument of counsel as to which the defendant claims errors was taken down by the stenographer. Even when a case is tried to a jury, a judge other than the one who heard the case could not ordinarily make a proper finding for an appeal; and the words quoted from the statute cannot be construed to mean that relief under it is not to be granted on the basis that a judge other than the one who heard the case might make a finding.

There is no error.

In this opinion the other judges concurred.