JOHNSON'S NURSERIES, INC. *v.* LEO RATICK ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 06

Argued March 11—decided April 30, 1975

*George N. Thim,* for the appellant (plaintiff).

*Melvin L. Bloomenthal,* for the appellee (defendant Elayne Ratick).

Sponzo, J.  This action, in which Leo Ratick and Elayne Ratick were summoned as defendants, was commenced through the use of a "common counts" form.  A special count[1] was inserted on that form.  It is evident that there was no intent to utilize the "common counts" writ because there was no compliance with Practice Book § 141, which requires the filing of a bill of particulars, amendment, or substituted complaint.  The complaint, as framed, alleges that there was an agreement between the plaintiff and Leo wherein the plaintiff would plant

---

[1] "1. On April 6, 1970, the plaintiff, Johnson's Nurseries, Inc., agreed with Leo Ratick to plant shrubbery at the Ratick residence, 11 Stoneleigh Sq. (Rd.) Fairfield, Conn.  2. There is presently due and owing the sum of $6,549.17, which is the reasonable value of the materials sold and services rendered in connection with such shrubbery and landscaping services of the plaintiff.  3. Although Plaintiff has made demand, defendant neglects and refuses to pay same."

shrubbery at the Ratick residence and that the reasonable value of the materials sold and services rendered is $6549.17. Nowhere in the complaint is any reference made to Elayne, either directly or indirectly.

During the course of the trial, evidence was presented to establish that Elayne was the sole owner of the residence. In the spring of 1970, her husband, Leo, approached Kenneth Johnson, vice-president of the plaintiff, for the purpose of performing landscaping work on the premises. Elayne was present at the family residence when discussions took place between Leo and Johnson. Leo entered into a written contract with the plaintiff to perform the landscaping work, but his wife was not aware of that contract. The plaintiff had done work for Leo in Bridgeport, Connecticut a year previous and extended credit to him and not to his wife. The plaintiff commenced work in June, 1970, and completed that work in eleven days. Elayne was present while the work was being performed and occasionally spoke to Kenneth Johnson, although she gave no directions to any employees of the plaintiff. Commencing in June or July, 1970, the plaintiff sent monthly statements to Leo alone but never received any payment for work and materials.

When the plaintiff concluded presentation of its case, the defendants' attorney moved for a nonsuit on behalf of Elayne, claiming a material variance between the allegations of the complaint and the proof. That was the proper procedure to test the issue of a material variance. *Mazziotti* v. *DiMartino,* 103 Conn. 491, 492. At that point, for the first time, the plaintiff contended that it was proceeding against Elayne on the theory of unjust enrichment. The motion for nonsuit was denied. At no time did the plaintiff move to amend its complaint.

The trial court concluded that no liability existed on the part of Elayne and that she was not unjustly enriched. Judgment in the amount of $5278.11 was rendered against Leo, and judgment was rendered in favor of Elayne. The plaintiff has appealed the judgment in favor of Elayne, assigning as error the above conclusion of law.

The crucial issue in this case is whether any cause of action was alleged against Elayne. Practice Book § 85 provides that a complaint shall contain a concise statement of the facts constituting the cause of action. "The burden rests on the plaintiff to allege a recognizable cause of action . . . ." *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 157 Conn. 587, 588; *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557. In all actions the complainant is required to set forth facts on the basis of which, if true, he may be able to establish in law a right to relief and must fairly apprise the court and the adverse party of the claims to be made. *Zamatha* v. *Harak,* 134 Conn. 480, 483.

A plaintiff may not allege one cause of action against one defendant and recover on an unalleged cause of action against another defendant. *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 65. It is still the law that a plaintiff's right to recover against a defendant is limited by the allegations of his complaint. A plaintiff cannot recover for a cause of action which has not been pleaded. *Strimiska* v. *Yates,* 158 Conn. 179, 185. "It is fundamental that a judgment or decree cannot be rendered if pleadings on which to found it are lacking." *Howarth* v. *Northcott,* 152 Conn. 460, 466.

The claim of the plaintiff that the variance between the evidence adduced at the trial and the facts alleged in the complaint was waived is without

merit. "While our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that the allegations of the complaint provide the measure of recovery." *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599. The variance in this case was not immaterial. Elayne did not fail to object, nor did she voluntarily participate in the trial of an issue not within the purview of the allegations of the complaint. *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642. The record discloses that Elayne moved for a nonsuit.

The lack of a proper complaint against Elayne is dispositive of this appeal, and it is unnecessary to consider the assignment of errors relating to the conclusion of the trial court. *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 200. The court was correct in rendering judgment in favor of Elayne. "It is not reversible error that the court reached this right result for another reason." *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226, 235; *Keyes* v. *Brown,* 155 Conn. 469, 476.

There is no error.

In this opinion BARBER and SPEZIALE, Js., concurred.