[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Connecticut Concrete Forms, Inc. filed a revised two-count complaint against defendant Jovan Machine Co., Inc. on March 15, 1990. Count one alleges that the parties entered into an oral agreement whereby the defendant promised to provide all necessary services to commence operation for the production of concrete form ties. According to the plaintiff, the defendant agreed to perform its obligations within two months. Numerous delays ensued. Plaintiff made periodic payments for services allegedly rendered. In addition, following and relying on the defendant's advice, plaintiff expended large sums of money for various pieces of equipment it believed necessary in the production of concrete form ties.
The revised complaint also alleges that defendant was obligated to design and construct a die. The plaintiff secured a note in the amount of sixty thousand dollars to cover the cost of starting production. However, it is alleged that despite numerous assurances by Jovan Machine Co. that work was being performed on the die, plaintiff waited nearly ten months beyond the promised completion date for the die without securing its delivery. At that time, Connecticut Concrete Forms, Inc. informed the defendant that the agreement was terminated.
Count two of plaintiff's complaint realleges the paragraphs working up count one and states that the foregoing constitutes a breach of the Connecticut Unfair Trade Practices Act in that the actions of Jovan Machine, Inc. were immoral, unethical, oppressive or unscrupulous and caused substantial injury to the plaintiff.
Memoranda in support and in opposition to the motion to strike have been filed by the respective parties.
Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted, that party may do so by filing a motion to strike the contested pleading. Connecticut Practice Book Section 152 (rev'd. to 1989); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, CT Page 1351 170 (1988). The motion to strike admits all facts well pleaded. Ferryman v. roton, 212 Conn. 138, 142 (1989) "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278 (1988). If facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Ferryman,212 Conn. at 142.
Defendant attacks count one by arguing that "it simply states alleged facts but fails to advise the defendant whether the plaintiff's claim sounds in contract, tort or some other legal basis." Motion to Strike, p. 1. "It is incumbent on the plaintiff to allege some recognizable cause of action in his complaint." Stavnezer v. Sage-Allen Co., 146 Conn. 460, 461
(1959); Robert S. Weiss Associates, Inc v. Weiderlight,208 Conn. 525, 535, n. 5 (1988).
 "Such a requirement has its basis in two principles inherent in our procedure: The first is that in any action the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is demurrable; Waterbury v. Connecticut Ry. Lighting Co., 86 Conn. 180, 188, 84 A. 723; and the second requirement is that a pleading must fairly apprise the court and the adverse party of the claims to be made. Volpe v. Gunder, 129 Conn. 14, 17, 26 A.2d 13." Zamatha v. Harak, 134 Conn. 480, 483, 58 A.2d 704.
Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549,558 (1967).
"[A] complaint must inform the court and the defendant, with reasonable clarity, of the cause of action to be tried." Stavnezer, 146 Conn. at 461. Count one of the plaintiff's revised complaint fails to fairly apprise the court and the defendant of the claim being made and therefore the motion to strike as to count one is granted. Since count one fails to state a recognizable cause of action, plaintiff's reliance on count one as the factual basis for its CUTPA claim (Count Two) dictates that the second count should also be stricken. Defendant argues that "[a]n immoral, unethical, oppressive and unscrupulous breach of a commercial contract is a violation of the Unfair Trade Practices Act." Nevertheless, as previously concluded, the court is unable to determine with reasonable clarity that count one states a cause CT Page 1352 of action for breach of a commercial contract.
Therefore, defendant Jovan Machine Co.'s motion to strike the revised complaint in its entirety is granted.
KULAWIZ, J.