[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR MODIFICATION (#115.5)
The plaintiff has moved for modification of the child support order of $50 per week per child contained in the judgment on the ground that a substantial and material change of circumstances in the plaintiff's financial situation has occurred thus forming the basis for the relief sought. The plaintiff did not allege in her motion that a substantial deviation from the child support guidelines existed. The plaintiff in her post-hearing brief relies exclusively on the guidelines in requesting a modification.
The defendant asserts that, since the plaintiff has alleged only the "change of circumstances" basis in her motion, the court may not consider the guidelines, citing Turner v. Turner,219 Conn. 703 at 718,
 "Both the `substantial changes of circumstances' and the `substantial deviation from child support guidelines' provision establish the authority of the trial court to modify the existing child support orders to respond to changed economic conditions." (emphasis added)
The first deals with the financial circumstances of the parties and the second deals with changed social or economic circumstances in our society as a whole.
The defendant cites Winick v. Winick, 153 Conn. 294 which set aside a post judgment order entered upon an oral motion of counsel for the respondent in the absence of the applicant and her attorney modifying the judgment when the only matter before the court was the applicant's application for a contempt order. That is not the present situation since a modification is being sought.
The defendant cites Caracansi v. Caracansi, 4 Conn. App. 645, wherein the court modified a postjudgment order when the only matter before the court was a contempt hearing. The Appellate Court set the modification aside since there was no fair notice that a modification would be litigated. That is not the present situation for the defendant had notice that a modification of child support is being sought.
The defendant cites Zamantha v. Harak, 134 Conn. 480, 483, an CT Page 9986 appeal from a denial for a new trial. The case quotes Volpe v. Gunder, 129 Conn. 14, 17 for the principle that a pleading must fairly apprise the court and the adverse party of the claims to be made.
The defendant cites Schaller v. Roadside Inn., Inc.,154 Conn. 61, 65 which stated that a variance,
 ". . . which alters the basic nature of a complainant's cause of action cannot be condoned."
It also stated,
 "Modern procedure has come a long way from the day when slight variances were fatal to a cause of action." Id. p. 64.
It gave as an example that recovery cannot be permitted by proof of mutual mistake when breach of contract is pleaded. The case held that the plaintiff's status as either an independent contractor or a business patron, would permit recovery although the more specific statement limited his status to that of independent contractor.
The defendant cites Strimiska v. Yates, 158 Conn. 179, 185, for the proposition that a plaintiff cannot recover for a cause of action which has not been pleaded. The case states,
 "Ordinarily, an otherwise valid judgment will not be invalidated if a variance does not change the theory of the cause of action and the complaining party, at all times, was in a position to know the true state of facts." Id. p. 184.
The plaintiff in the present case seeks a child support modification. That is her cause. Her theory is the plaintiff's change of circumstances. The court finds such alleged change not proven. Having failed in that effort, the plaintiff then argues for a change based on an unalleged theory. In Turner, supra, at page 707, the court noted:
 "At that hearing the state enlarged its request to include, as an alternative ground for modification, the substantial deviation. . ."
In the present case, the plaintiff did not move to amend its motion. The motion is denied. CT Page 9987
HARRIGAN, J.