[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT (#116)
The parties' marriage was dissolved by judgment entered CT Page 10398 November 5, 1979 on petition of the plaintiff for dissolution subsequent to a judgment of legal separation previously entered. As part of the judgment of dissolution, the plaintiff obtained a modification of the orders entered as part of the prior decree. The defendant was ordered:
 ". . . to pay 1/2 tuition and expenses for child at St. Margaret-McTernan School."
The motion prayed:
 "to order the defendant to contribute to tuition and expenses of education for the minor child . . ."
The child has now transferred from the school named in the order and is now attending Kent School. For the freshman year 1987-1988, the defendant paid one-half and for 1988-1989, the defendant signed the enrollment agreement, (Plaintiff's Exhibit A), and paid an amount based on St. Margaret's tuition, $850 less than one-half. The plaintiff paid the balance to Kent School for the 1990-1991 school year; the defendant signed the enrollment agreement and has paid the one-half share based on St. Margaret's tuition. The defendant has refused to pay anything for the current school year 1991-1992.
It is noted that these school expenses are in addition to the weekly child support payments.
The defendant's brief asserts that the petition and the motion to reopen and modify were not served on the defendant. The file contains a return of service made by Vincent Germinaro, Deputy Sheriff, that on October 20, 1979 he made in-hand service on defendant at 6 Birchwood Terrace, Prospect, Connecticut. The court finds defendant's assertion of no service contrary to fact.
The defendant next questions the entries made by the clerk on November 5, 1979. The letter obtained from Judge Pickett who examined the file is sufficient answer to the defendant's complaint that the clerk was the judge's amanuensis.
The defendant next complains that no substantial change in circumstances was alleged in the motion to reopen and modify. The defendant was apprised that the plaintiff was seeking a modification, Volpe v. Gunder, 129 Conn. 14.
The fact that the defendant elected to absent himself from the hearing or that he elected not to hire a lawyer gains him no advantage. CT Page 10399
The court has no reason to interpret language in a judgment that is unambiguous on its face. Although the plaintiff's motion moved for a contribution to tuition and expenses of education, the ensuing order is explicit. For the defendant to be liable to pay the tuition and expenses, they had to be incurred "at St. Margaret-McTernan School" (emphasis added). When the change of schools was first contemplated or when first accomplished, a modification of the order would have been appropriate.
The court finds no contempt and the plaintiff's motion is denied
HARRIGAN, J.