[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
It is unnecessary to the resolution of the issues raised by the motions to strike to commit to prose the somewhat complicated relationships among all of the various parties and non-parties who are part of those relationships. Only such allegations as are necessary to decide the issues raised by the motions before the court will be discussed.
The plaintiff is the managing agent of an office building. E F Properties, Inc. (E F) was an original signatory of the property management agreement ("the agreement"), and assigned its interest in the agreement to the plaintiff. The agreement is attached as an exhibit to the revised complaint. Under section 2.6 of the agreement, the plaintiff is obligated "to use all reasonable efforts to rent the Building to desirable tenants . . . and . . . [t]o negotiate leases and renewals of leases at appropriate times . . . [and] to advertise the Building or portions thereof for rent. . . ." In the second and fourth counts of its revised complaint, the plaintiff seeks, inter alia, compensation pursuant to section 2.6 of the agreement for securing such leases.[1]
 I
The defendants move to strike the second and fourth counts of the revised complaint because, they claim, the plaintiff is seeking to collect real estate commissions pursuant to an agreement that fails to comply with the requirements of General Statutes § 20-325a. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "[I]f a pleading . . . on its face is legally insufficient, although the facts may indeed exist which, if properly pleaded, CT Page 7965 would establish a cause of action upon which relief could be granted, a motion to strike is required." (Internal quotation marks omitted.) Amore v. Frankel, 228 Conn. 358, 372,636 A.2d 786 (1994).
 A.
First, the defendants claim that the agreement is deficient because there is no allegation that E F, the original signatory to the agreement, is a licensed broker as required by General Statutes § 20-325a(a). The plaintiff counters that it is sufficient that the agreement was signed by Fred Frassinelli as president of E F and that the revised complaint alleges that Mr. Frassinelli is a licensed real estate broker.
Section 20-325a(a) of the Connecticut General Statutes provides: "No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter." General Statutes §20-312(a) states: "No person shall act as a real estate broker or real estate salesman without a license issued by the [real estate] commission, unless exempted by the provisions of this chapter." In pertinent part, the term "`[r]eal estate broker' means any person, partnership, association or corporation which, for another and for a fee, commission or other valuable consideration, . . . rents, or offers or attempts to negotiate a rental . . . of, an estate or interest in real estate . . . or collects or offers or attempts to collect rent for the use of real estate . . . ." General Statutes § 20-311 (1). In pertinent part, the term "`[r]eal estate salesman' means a person affiliated with any real estate broker as an independent contractor or employed by a real estate broker . . . to lease or rent or offer to lease, rent or place for rent any real estate, or to collect or offer or attempt to collect rent for the use of real estate for or in behalf of such real estate broker . . . ." General Statutes § 20-311 (2).
"General Statutes § 20-325a(a) . . . requires that, in order to bring an action for a broker's commission, the CT Page 7966 plaintiff must (1) be licensed and (2) have been licensed at the time that services were rendered." (Footnote omitted.) CMGRealty of Connecticut, Inc. v. Colonnade One Ltd. Partnership,36 Conn. App. 653, 662, 653 A.2d 207 (1995). However, the threshold issue here is not one of substantive law but of pleading requirements. While the right of a real estate broker to maintain an action to recover a commission is dependent upon the broker's compliance with General Statutes § 20-325a, such an action is essentially a common law breach of contract claim.McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 519, 527,590 A.2d 438 (1991). In such an action our pleading requirements embody two principles: "`The first is that in any action the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is demurrable;Waterbury v. Connecticut Ry. Lighting Co., 86 Conn. 180, 188,84 A. 723; and the second requirement is that a pleading must fairly apprise the court and the adverse party of the claims to be made. Volpe v. Gunder, 129 Conn. 14, 17, 26 A.2d 13.'Zamatha v. Harak, 134 Conn. 480, 483, 58 A.2d 704."Rossignol v. Danbury School of Aeronautics, Inc.,154 Conn. 549, 558, 227 A.2d 418 (1967). "[I]t is never necessary to anticipate a defense. New Haven Trust Co. v. Nelson,73 Conn. 477, 47 A. 753 [1901]." Todd v. Bradley, 99 Conn. 307,311, 122 A. 68 (1923). Since the revised complaint, not surprisingly, does not affirmatively aver that the plaintiff or its assignor was not
licensed at the time the services were rendered, and since the court is limited to the facts alleged in the complaint in ruling on the motion to strike; Dante v. Dante, 93 Conn. 160, 160,105 A. 353 (1919); this court must deny the motions to strike based on a claimed failure to comply with General Statutes §20-325a(a).
 B.
The defendants also allege that the agreement fails to comply with General Statutes § 20-325a(b).
The agreement was executed on April 15, 1986. At that time, General Statutes (Rev. 1985) § 20-325a(b) provided: "No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of CT Page 7967 this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the seller or his agent, duly authorized by a written document executed in the manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent."[2]
The defendants first claim that the agreement does not show the date on which it was entered into, as required by General Statutes § 20-325a(b)3). Since the agreement is annexed to the revised complaint, the court may address this claim. Exhibits incorporated by reference into a complaint, as here, become part of it and must be so treated in the determination of a motion to strike. Richmond v. Matthies, 149 Conn. 423, 426, 180 A.2d 639
(1962). And "`where the pleadings and exhibits are the only evidentiary concerns, the dictates of judicial economy instruct us to resolve the legal validity of a particular agreement under an applicable statute at the earliest time practicable.'"McCutcheon Burr, Inc. v. Berman, supra, 218 Conn. 527, quotingNew England Land Co. v. DeMarkey, 213 Conn. 612, 623,569 A.2d 1098 (1990).
The defendants are mistaken. The contract states in perfect English: "THIS AGREEMENT is made effective as of the 15th day of April, 1986. . . ."
 C.
The defendants also claim that the contract was not "executed in the manner provided for conveyances in section 47-5" and therefore fails to satisfy General Statutes (Rev. 1985) § 20-325a(b)(5) (now § 20-325a
(b)(7)). That statute provides in pertinent part: "To satisfy the requirements of this subsection any such contract or authorization shall . . . be signed by the seller or his agent, duly authorized by a writtendocument executed in the manner provided for conveyances in section 47-5
and by the real estate broker or his authorized agent." (Emphasis added.) "It is an elementary rule of construction that statutes should be considered as a whole, with a view toward reconciling their separate parts in order to render a reasonable overall interpretation; the application, moreover, of common sense to the statutory language is not to be excluded . . . . We must avoid a consequence which fails to attain a rational and CT Page 7968 sensible result which bears most directly on the object which the legislature sought to obtain." (Citations omitted; internal quotation marks omitted.) Peck v. Jacquemin, 196 Conn. 53, 63,491 A.2d 1043 (1985). Thus construed, it is not the contract that must be executed in the manner provided for conveyances in General Statutes § 47-5 but the authorization of the seller's agent to act for the owner in signing the contract. Because the authorization, if there was any, is not annexed to the complaint the court cannot determine if it satisfies the requirements of General Statutes § 47-5. Dante v. Dante, supra, 93 Conn. 162;Connecticut State Oil Co v. Carbone, 36 Conn. Sup. 181, 182,415 A.2d 771 (1979). For the reasons stated in part IA and because "[t]he court will not, in passing on a [motion to strike], consider other grounds than those specified"; StradmoreDevelopment Corporation v. Commissioners, 164 Conn. 548, 551,324 A.2d 919 (1973); the motion to strike counts two and four of the revised compliant is denied.
 II
The defendants TMA and the nine individual defendants also move to strike count five (#104), which alleges a tortious interference with contractual rights. They contend that this count is legally insufficient because the plaintiff fails to allege that the defendants interfered with a contract between the plaintiff and a third party. The plaintiff argues that the claim is directed at TMA only and alleges that TMA interfered with the plaintiff's contracts rights by failing to sign an assignment and assumption agreement.
At this juncture, it is necessary to set forth some additional facts. The original parties to the property management agreement were E F, the managing agent, and One Corporate Drive Associates (OCDA), the owner of the office building. Subsequently, E F assigned its interest in the agreement to the plaintiff; OCDA sold the building to Trumbull Medical Associates (TMA), a limited liability company. The plaintiff alleges that OCDA assured the plaintiff that it would continue as the managing agent with TMA when the property was transferred pursuant to an assumption and assignment agreement. The plaintiff bases its tortious interference claim on TMA's alleged refusal to execute the assignment and assumption agreement.
"A claim for tortious interference with contractual CT Page 7969 relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendant's tortious conduct. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 535-36,546 A.2d 216 (1988); Hart, Nininger Campbell Associates, Inc. v.Rogers, 16 Conn. App. 619, 629, 548 A.2d 758 (1988). In order for the plaintiff to establish liability for interference with a contractual relationship, the plaintiff must show that the defendants' tortious conduct caused [OCDA] to terminate its relationship with the plaintiff." Collum v. Chapin,40 Conn. App. 449, 452, 671 A.2d 1329 (1996).
Even considering these allegations in the light most favorable to the plaintiff, they do not show that TMA's alleged conduct caused OCDA to terminate its contractual relationship with the plaintiff. OCDA's relationship with the plaintiff was terminated when the property was conveyed to TMA. Under these circumstances, TMA's decision not to execute the assignment does not rise to the level of tortious interference with the plaintiff's contractual rights. "There can be no intentional interference with contractual relations by someone who is directly or indirectly a party to the contracts." Multi-ServiceContractors, Inc. v. Vernon, 193 Conn. 446, 451, 477 A.2d 653
(1984); see also Urashka v. Griffin Hospital, 841 F. Sup. 468,475 (D.Conn. 1994); Paint Products Co. v. Minwax Co.,448 F. Sup. 656, 658 (D.Conn. 1978); Buitekant v. Zotos Corporation, Superior Court, Judicial District of Stamford-Norwalk at Stamford, No. 135874 (1996) (Karazin, J.) and Murray v.Bridgeport Hospital, 40 Conn. Sup. 56, 60-61, 480 A.2d 610
(1984) (holding that "[a]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract"). The defendants' motion to strike count five is granted.
Dated at Bridgeport this 8th day of October, 1996
Bruce L. Levin Judge of the Superior Court CT Page 7970